No. 96-1836 MNMI

Arthur Sholdan,                         *
                                        *
        Debtor,                         *
                                        *       Appeal from the United States
Earl Jensen, The Personal               *       District Court for the
Representative of the Probate           *       District of Minnesota
Estate of Arthur Sholdan,               *
                                        *       [PUBLISHED]
        Appellant(s),                   *
                                        *
    v.                                  *
                                        *
Michael Dietz, the Trustee              *
of the Bankruptcy Estate                *
of Arthur Sholdan,                      *
                                        *
        Appellee.                       *


Submitted: November 22, 1996

Filed: March 13, 1997

Before BEAM and LOKEN, Circuit Judges, and MOODY[1], District Judge.

MOODY, United States District Judge.

Earl Jensen, the personal representative of the probate estate of debtor, Arthur Sholdan, appeals from the decision of the district court affirming the bankruptcy court in sustaining the chapter 7 trustee's objection to Sholdan's homestead exemption. Because the district court failed to make a finding on whether Sholdan's homestead exemption was made with the "intent to defraud," we remand.

Sholdan was a retired farmer who sold his farm in 1980 and

---

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas, sitting by designation.

retained a mortgage against the property.  He moved from the farm into an apartment where he lived for approximately 13 years.   In December, 1993, Sholdan moved into Mineral Springs Board and Lodge, an assisted care living facility.   In September, 1994, at which time Sholdan had reached the age of 90, he surrendered approximately ten certificates of deposits and sold his mortgage rights in the farmland to his nephew, Roger Jensen, for a total of approximately $140,000.00.  Sholdan used this money  to purchase a new home for approximately the same amount of money.  At all times while living in his new home, Sholdan had the assistance of a nurse.  When the nurse was unavailable to stay with him overnight at his home, Sholdan spent the night at Mineral Springs Board and Lodge.  Following the liquidation of all of his income producing assets to buy the home,  Sholdan's sole source of income was a social security payment of $486.00 per month. Sholdan's property taxes on his new home beginning in 1996 amounted to $2,000.00 per year.  In December, 1994,  Sholdan filed a chapter 7 bankruptcy petition in which he listed his new home as exempt pursuant to Minnesota law.[2]
*See* Minn. Stat. Ann. § 510.01 (West Supp. 1997).   Sholdan died on February 5, 1995.

Earl Jensen, Sholdan's nephew, is the representative of the probate estate.  Earl Jensen's and Roger Jensen's children are contingent designees of Sholdan's will.  The Jensens consulted  a bankruptcy attorney and real estate agents in an effort to assist Sholdan in structuring the transactions concerning the disposition

---

[2]Bankruptcy debtors may elect to use either the exemptions set forth in the federal bankruptcy code or in the nonbankruptcy law of the debtors' domicile. *Compare*  11 U.S.C. §§  522(d) *with* 11 U.S.C. §§ 522(b)(2); *Panuska v. Johnson (In re Johnson)*, 880 F.2d 78 (8th Cir. 1989).  If Sholdan had chosen the federal exemptions, conceivably he would have been able to exempt sufficient cash and personal property to allow him to stay at Mineral Springs Board and Lodge with no interruptions or changes. *See* 11 U.S.C. § § 522(d), (d)(5), and (d)(10)(E).

of his real property.  The record reflects that Sholdan did not originate the idea of purchasing the home for himself and the Jensens were the ones who actually undertook the search for Sholdan's new home.

Sholdan's primary creditor is Raymond Olson who was severely injured in 1992, when Sholdan, driving down the wrong side of the highway, ran into him.  Olson filed a lawsuit for injuries received in the accident, and has filed a proof of claim against the bankruptcy estate for $1,000,000.00.

The bankruptcy court found that Sholdan had transferred non-exempt property (the certificates of deposits and mortgage) to exempt property (the new house) with the "intent to hinder or delay" his creditors in violation of Minnesota law.  *See* Minn. Stat. Ann. §§ 513.41-.51 (West 1990).  Specifically, Minnesota  Statute Annotated § 513.44 states "[a] transfer made . . . is fraudulent as to a creditor . . . if the debtor made the transfer . . . with actual intent to hinder, delay, or defraud any creditor of the debtor. . ..  Minn. Stat. Ann § 513.44(a)(1)(West 1990).
  The bankruptcy court reasoned that Sholdan intended to "hinder or delay" his creditors by purchasing a house which was too large for his needs while he still needed a live-in nurse, and by making improvements to the house in the form of a large deck which was of little use to Sholdan because he had no family in the residence with whom to enjoy it.  The bankruptcy court did not rule on whether the debtor acted with "intent to defraud."  Because the bankruptcy court found that the debtor transferred the non-exempt property to an exempt property, a homestead,  with the intent to "hinder or delay" his creditors, the bankruptcy court sustained the trustee's objection applying Minnesota law.

The district court upheld the bankruptcy court's decision  holding that it was not necessary to find "intent to defraud" to set

aside a transfer of non-exempt property to exempt property.  The district court held that a finding of an intent to "hinder or delay" was sufficient. The district court also found that the bankruptcy court correctly inferred Sholdan's intent to "hinder or delay" based on the cost of the house with the improvements being nearly equal to the debtor's liquid assets which left Sholdan with insufficient income to maintain the house and to pay property taxes.  Finally, the district court upheld the bankruptcy court's factual findings by holding that the bankruptcy court's use of observations about the human interest aspects of the case were of no legal significance, and that the actual findings regarding the intent to "delay or hinder" creditors were not clearly erroneous, and supported by the record.

Because the district court was acting as an appellate court, we review the district court's factual and legal conclusions *de novo*.  *See Wegner v. Grunewaldt*, 821 F.2d 1317, 1320 (8th Cir. 1987).  If we conclude that the bankruptcy court's findings are silent or ambiguous as to an outcome determinative fact question, we may not make our own findings but must remand the case to the bankruptcy court for the necessary factual determination. *See Rine & Rine Auctioners v. Douglas County Bank & Trust Co. (In re Rine & Rine)*, 74 F.3d 854, 863 n. 7 (8th Cir. 1996).

The trustee objects to the homestead exemption on the ground that Sholdan had taken title to the real estate in question in specific contemplation of his bankruptcy filing and with a specific intent to "hinder, delay or defraud" his scheduled creditors.  The trustee, therefore, maintains that Sholdan's successors in interest should be denied the benefit of the statutory exemption.  Jensen argues that intent to "hinder or delay" is insufficient to disqualify Sholdan's  homestead exemption.  It is Jensen's position that the bankruptcy court has to make a finding that there was also an "intent to defraud."  In addition, Jensen argues that

4

the bankruptcy court and district court used a value-limit analysis which is not authorized in a Minnesota exemption case. Alternatively he argues that even if the value-limit test of Johnson were allowed, there was no extreme degree of disparity between the exempt property and the debtor's needs.

Under section 11 U.S.C. § 522(b), a debtor can choose to exempt from property of the bankruptcy estate that property which is exempt under the applicable state or federal law. *See Hanson v. First Nat'l Bank*, 848 F.2d 866, 868 (8th Cir. 1988). Here, Sholdan elected a state-created exemption. The scope of the exemption is fixed by state law. See *Panuska v. Johnson (In re Johnson)*, 880 F.2d. 78 (8th Cir. 1989); *Norwest Bank Nebraska, N.A. v. Tveten*, 848 F.2d 871, 876 (8th Cir. 1988).

Minnesota law does not allow a homestead exemption where a debtor transfers property "with intent to hinder, delay or defraud" a creditor. *See* Minn. Stat. Ann. §§ 513.41-.51; *In re Tveten*, 402 N.W.2d 551, 556 (Minn. 1987). Here the bankruptcy court made no finding as to whether Sholdan claimed his homestead exemption with the "intent to defraud. While the facts of this case might well support a finding of "intent to defraud," we cannot make such a finding. *See Rine v. Rine Auctioners v. Douglas County Bank & Trust Co. (In re Rine & Rine)*, 74 F.3d at 863 n.7.

Finally, we do not mean to say that the test of "hinder or delay" might not prevail under another set of facts. In this case, however, the facts do not support such a finding.

Accordingly, without reaching the merits of the remaining arguments, we remand this case to the district court with instructions to remand to the bankruptcy court for a factual finding on the issue of Sholdan's "intent to defraud."

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT